UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANICE DANIELS,
Individually and on behalf of all others
similarly situated,

     Plaintiff,

v.

DETROIT QUALITY STAFFING, LLC,

     Defendant.

Case No. 23-cv-12686
Hon. Jonathan J.C. Grey
Magistrate Judge Anthony P. Patti

---

Jennifer McManus (P65976)
**FAGAN MCMANUS, P.C.**
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, Michigan
(248) 658-8951
jmcmanus@faganlawpc.com

Carter T. Hastings
Texas Bar No. 24101879
carter@a2xlaw.com
Clif Alexander
Texas Bar No. 24064805
clif@a2xlaw.com
Austin W. Anderson
Texas Bar No. 24045189
austin@a2xlaw.com
Anderson Alexander, PLLC
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
(361) 452-1279

Robert T. Zielinski
(IL Bar No. 6183981)
Ahmad A. Chehab (P75560)
**MILLER, CANFIELD, PADDOCK
& STONE, PLC**
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
zielinski@millercanfield.com
chehab@millercanfield.com

---

## JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AGREEMENT AND TO DISMISS THE CASE WITH PREJUDICE

Plaintiff Shanice Daniels ("Daniels") and Defendant Detroit Quality Staffing, LLC ("DWS"), (collectively, the "Parties") by their undersigned counsel, and file this Joint Motion for the Court's Approval of the Parties' FLSA Settlement Agreement. In support of this Motion, the Parties state as follows:

1.      This Joint Motion is filed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2.      This lawsuit is a FLSA collective action in which Daniels, on behalf of herself (and allegedly others similarly situated) alleges DQS did not compensate her properly under the Act. Specifically, she alleges she was misclassified as an independent contractor and that she routinely worked in excess of forty hours per workweek without overtime compensation. [ECF #1, Pg. ID 2].

3.      Plaintiff Daniels is a former DQS employee.

4.      On October 24, 2023, Daniels filed her asserted FLSA collective action complaint. [ECF #1].

5.      Since that time, the Parties have engaged in and successfully negotiated the material terms of a settlement agreement that would resolve the lawsuit without the expense and burden of costly discovery and motion practice.

6.      The settlement reached is based on a full understanding by the Parties of their respective positions and the risk/benefits to concluding this action as compared to continuing the action.

7.      The Parties jointly prepared a Settlement Agreement to include all material terms and conditions and are now seeking the Court's approval of the Settlement Agreement and dismissal of the lawsuit with prejudice.

8.    The brief and Settlement Agreement filed with this Motion provides a fulsome understanding of the terms of the negotiated agreement between the Parties.

9.    The Parties, who are represented by counsel, agree that the proposed Settlement Agreement represents a reasonable compromise of a bona fide dispute of Plaintiff Daniels' FLSA claims.

WHEREFORE, the Parties, by their undersigned counsel, respectfully request the Court to grant their Joint Motion and enter an Order approving the Settlement Agreement and dismissing the case with prejudice and without further costs or fees to either party.

**Respectfully submitted on June 18, 2024.**

/s/*Jennifer L. McManus (w/consent)*
Jennifer L. McManus (P65976)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

/s/*Clif Alexander (w/consent)*
Clif Alexander
Austin W. Anderson
Carter T. Hastings
ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, TX 78401
(361) 452-1279
clif@a2xlaw.com
austin@a2xlaw.com
carter@a2xlaw.com

Attorneys for Plaintiff and Putative
Collective/Class Members

/s/*Ahmad A. Chehab*
Robert T. Zielinski
(IL State Bar No. 6183981)
Ahmad A. Chehab (P75560)
Miller, Canfield, Paddock & Stone, PLC
150 West Jefferson, Ste. 2500
Detroit, MI 48226
(313) 963-6420
zielinski@millercanfield.com
chehab@millercanfield.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANICE DANIELS,
Individually and on behalf of all others
similarly situated,

     Plaintiff,

v.

DETROIT QUALITY STAFFING, LLC,

     Defendant.

Case No. 23-cv-12686
Hon. Jonathan J.C. Grey
Magistrate Judge Anthony P. Patti

---

Jennifer McManus (P65976)
**FAGAN MCMANUS, P.C.**
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, Michigan
(248) 658-8951
jmcmanus@faganlawpc.com

Carter T. Hastings
Texas Bar No. 24101879
carter@a2xlaw.com
Clif Alexander
Texas Bar No. 24064805
clif@a2xlaw.com
Austin W. Anderson
Texas Bar No. 24045189
austin@a2xlaw.com
Anderson Alexander, PLLC
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
(361) 452-1279

Robert T. Zielinski
(IL Bar No. 6183981)
Ahmad A. Chehab (P75560)
**MILLER, CANFIELD, PADDOCK & STONE, PLC**
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
zielinski@millercanfield.com
chehab@millercanfield.com

---

**BRIEF IN SUPPORT OF JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AGREEMENT AND TO DISMISS THE CASE WITH PREJUDICE**

The Parties, Plaintiff Shanice Daniels ("Plaintiff" or "Daniels") and Defendant DQS Staffing, LLC ("Defendant" or "DQS"), (collectively, the "Parties") by their undersigned counsel, hereby file this Brief in support of their Joint Motion for Court Approval of FLSA Settlement Agreement and to Dismiss the Case with Prejudice. The Parties' Settlement Agreement is attached hereto as **Exhibit 1**.

## FACTUAL BACKGROUND

Plaintiff filed this action on October 24, 2023 on behalf of herself and those allegedly similarly situated. Her Complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Specifically, Plaintiff, a former employee of Defendant, alleges misclassification as independent contractor, failure to pay for waiting time, and failure to pay overtime in excess of forty hours worked. [ECF #1, Pg. ID 2]. Defendant wholly denies the claims brought by Plaintiff.

While the Parties do not agree on the facts and disagree upon the degree of liability (if any) on the part of the Defendant, in evaluating and understanding the uncertainty and extensive cost of continued litigation, an amicable settlement was reached between Plaintiff and DQS. The settlement was reduced to a Settlement Agreement. (**Exhibit 1**.)

The settlement constitutes a global resolution of Plaintiff's claims. The Parties respectfully submit that the settlement, which was achieved during arms-

length negotiations among the parties and conducted by experienced counsel, is fair

and reasonable and satisfies the criteria for approval under § 216(b).

## <u>MEMORANDUM OF LAW</u>

Although the U.S. Court of Appeals for the Sixth Circuit has yet to rule

definitively on the question, claims under the FLSA "may not be settled without

supervision of either the Secretary of Labor or a district court." *Cruz v. Don Pancho*

*Mkt., LLC,* 2016 WL 4531142, at *2 (W.D. Mich. Aug. 23, 2016); see also, *Risbrook*

*v. Blue Horseshoe Network*, LLC, WL 13441574, at *3 (E.D. Mich. Sept. 4, 2020)

("an employee may not waive or otherwise settle a FLSA claim for unpaid wages

for less than the full statutory damages unless the settlement is supervised by the

Secretary of Labor or made pursuant to a judicially supervised stipulated

settlement.")

In determining whether to approve a settlement agreement, the reviewing

Court should determine that the compromise is a fair and reasonable resolution of a

bona fide dispute over FLSA provisions. *Smolinski v. Ruben & Michelle Enterprises*

*Inc.,* 2017 WL 835592, at *1 (E.D. Mich. Mar. 3, 2017). Courts therefore consider

the following factors: (1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and lengthy duration of the litigation; (3) the state of

the proceedings; (4) the probability of Plaintiff's success on the merits; (5) the range

of possible recovery; and (6) the "public interest." *Does 1-2 v. Deja Vu Servs., Inc.,*

925 F.3d 886, 894–95 (6th Cir. 2019).[1] See also *Williams v. Alimar Sec., Inc.*, 2017 WL 427727, at *2-3 (E.D. Mich. Feb. 1, 2017) (analyzing these same factors to conclude that proposed FLSA settlement agreement was fair and reasonable). "A district court may choose to consider only factors that are relevant to the settlement at hand." *Snook v. Valley OB-Gyn Clinic, P.C.*, , 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015).

The Parties request that the Court approve the Settlement Agreement here because it constitutes a fair and reasonable resolution to this dispute.

### 1.    There is No Existence of Fraud of Collusion Behind the Settlement.

The Parties have entered into the Settlement Agreement pursuant to an arms-length negotiation between their respective counsel, not as the product of fraud or collusion.  Both parties were represented by experienced counsel of their choosing.

---

[1] Courts also consider the "opinions of class counsel and class representatives," and the "reaction of absent class members". *Id; see also, Talbert v. Garda CL Great Lakes*, 2020 WL 13652582 at *1 (E.D. Mich. Jan. 23, 2020). Here, these factors need not be assessed given Plaintiff and her counsel are jointly filing this motion and as such, agree with the proposed Settlement Agreement. Further, there are no "absent" class members as no court authorized notice was ever sought or approved. *See, e.g., Fadi v. Carter-Jones Companies, Inc.*, 2022 WL 3010887 at *2 (E.D. Mich. July 29, 2022) ("The Court need not consider the sixth factor—the reaction of absent class members—because this is a settlement of a single FLSA claim and there are no absent class members"); *Harter v. Green Bay Packaging, Inc.*, 2020 WL 13530556 at *2 (E.D. Mich. Oct. 9, 2020) (noting that "the reaction of absent class members is not relevant because the parties' settlement does not prevent other employees from bringing their own claims. Only the individuals named in the settlement agreement have agreed to release their claims; the agreement does not preclude similar claims by other individuals."); *see also, Moeller v. Week Publications, Inc.*, 649 F.Supp.3d 530, 543 (E.D. Mich. 2023) (noting that the "reaction of absent class members" factor is "neutral because the proposed settlement is in the prenotice stage"); *Green v. Platinum Rests. Mid-Am. LLC*, 2022 WL 1240432, at *5 (W.D. Ky. Apr. 27, 2022) (finding that courts cannot evaluate this factor before notice).

Further, the Settlement Agreement provides Plaintiff with a fair and proportioned amount of her disputed overtime wages and reasonable payment for attorneys' fees and costs, in addition to additional consideration for a general release of claims. Any amount apportioned to Plaintiff's counsel for attorneys' fees and costs was calculated by Plaintiff and her counsel. The Parties' Settlement Agreement also eliminates the risks and costs of continued litigation, which could result in the Plaintiffs obtaining no recovery. For all these reasons, the record supports a finding that the Agreement constitutes a fair and reasonable resolution to the lawsuit and that it is not indicative of fraud or collusion.

### 2. The Complexity, Expense, and Duration of the Litigation

The complexity, expense, and time associated with litigating this matter also significantly weighs in favor of this settlement. The litigation of the legal and factual issues underlying this dispute would have required significant time and expense for all parties and would continue to do so if litigation were to commence via discovery and motion practice. The parties have entered in into a Settlement Agreement prior to any request for court authorized notice or depositions. Additional written discovery, further extensive review of Plaintiff's time records and job duties, and significant briefing would also still be required, incurring substantial cost and expense. Moreover, if the Parties were required to move forward with trial preparation, further costs would be incurred and it is likely this case would continue

for many more months, if not years. For all these reasons, this proposed Settlement Agreement is a reasonable manner by which to minimize additional time, risks, and litigation costs.

### 3.    The State of the Lawsuit's Proceedings

The Parties have not yet expended significant time and effort in the litigation of this case. However, the Parties have used information they currently have to evaluate their respective claims and defenses in negotiating an informed and reasonable settlement of this lawsuit. Further still, the Parties have been able to enter into this agreement *prior to* additional discovery, including depositions, which would significantly balloon the fees and costs associated with this matter. As such, resolution of the lawsuit at this stage points in favor of a fair and reasonable resolution.

### 4.    Probability of Success on the Merits and Range of Possible Recovery

With respect to the probability of success and the range of possible recovery, the Parties acknowledge that their respective positions are complex, directly in conflict with one another, and inherently uncertain due to factual disputes and legal theories. Ultimately, initiation of discovery and motion practice would likely result in significant attorneys' fees and therefore must be considered in resolving the matter, considering the damages available to Plaintiff.

It is Plaintiff's position that she was improperly classified as an independent contractor, was not compensated for wait time, and was not compensated for overtime. Defendant contends that it appropriately classified Plaintiff as an independent contractor, that it did not force Plaintiff to wait before being engaged to work, and that it properly paid Plaintiff for all hours worked.

The Parties disagree on Plaintiffs' likelihood of success on the merits. Even assuming Plaintiff's likelihood of success is high (which Defendant vigorously disputes), however, the amount of potential recovery at issue makes resolution of the case at this stage reasonable and sensible.  The settlement negotiated provides Plaintiff with consideration well within the range of potential recovery and *additional* consideration for a general release of claims. Despite Defendant's denial of all of Plaintiff's claims and belief that Plaintiff is not entitled to any damages, Defendant supports this resolution and result because it eliminates the uncertainties, risks, and cost of further litigation and appeals.

Accordingly, this factor weighs in favor of approval of the Settlement Agreement.

### 5.    The Public Interest

Courts have held that "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re*

*Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003). Courts have also found that the enforcing the FLSA furthers an important interest in "encouraging employees and others to ensure that employers comply with laws governing employment." *Levan v. Sears, Roebuck & Co.*, 984 F. Supp. 2d 855, 871 (E.D. Tenn. 2013). Here, as in *Deja Vu Servs,* this Settlement Agreement achieves both purposes, because it "puts an end to 'potentially long and protracted litigation'," while also providing Plaintiff "wages and legal protections" under the FLSA. *Id.* 925 F.3d at 899. Thus, this factor also weighs in favor of approving the Settlement Agreement.

## AWARD OF ATTORNEYS' FEES AND COSTS

Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

A negotiated fee is preferred because it prevents attorneys' fees from becoming "a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437, (1983) ("Ideally, of course, litigants will settle the amount of a fee."). Courts therefore have "a responsibility to encourage agreement" on fees where possible. *Blum v. Stenson*, 465 U.S. 886, 902 n.19 (1984); *see also Local 56, United Food & Commercial Workers Union v. Campbell Soup Co.*, 954 F. Supp. 1000, 1005 (D.N.J.

1997) (granting counsel the maximum amount of fees agreed to by the defendant under the settlement agreement where "class members ... retain all that the settlement provides [and] they do not lose any of the negotiated benefits on account of an attorneys' fee and costs award that equals the 'cap' on such an award set forth in the settlement").

The attorneys' fees requested by Plaintiff's Counsel should not be altered because counsel efficiently resolved this case early on rather than prolonging the litigation and increasing their potential fees. The proposed attorneys' fees and costs are reasonable given the legal theories presented in the case and the number of resources expended to investigate, research, analyze, and prepare Plaintiff's claims for litigation. Specifically, Plaintiff's Counsel spent a significant amount of time investigating the potential claims, drafting pleadings, corresponding with Defendant's counsel, reviewing documents related to Plaintiff's theory in this case, considering a damage model, negotiating the Settlement Agreement, and filing this motion. These activities are necessarily time consuming.

## <u>CONCLUSION</u>

For the reasons stated above, the Parties request that the Court enter an Order granting their Joint Motion approving the Settlement Agreement and

dismissing the entire action with prejudice and without further costs or attorney's fees.

**Respectfully submitted on JUNE 18, 2024.**

/s/*Jennifer L. McManus (w/consent)*
Jennifer L. McManus (P65976)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

*/s/Clif Alexander (w/consent)*
Clif Alexander
Austin W. Anderson
Carter T. Hastings
ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, TX 78401
(361) 452-1279
clif@a2xlaw.com
austin@a2xlaw.com
carter@a2xlaw.com

Attorneys for Plaintiff and Putative
Collective/Class Members

*/s/Ahmad A. Chehab*
Robert T. Zielinski
(IL State Bar No. 6183981)
Ahmad A. Chehab (P75560)
Miller, Canfield, Paddock & Stone, PLC
150 West Jefferson, Ste. 2500
Detroit, MI 48226
(313) 963-6420
zielinski@millercanfield.com
chehab@millercanfield.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

By: *s/ Ahmad A. Chehab*